[No. 541. Decided August 12, 1892.]

JOHN E. McCORVEY, *Respondent,* v. FABIN S. POTVIN, *Intervenor and Appellant.*

### SALE—CONSTRUCTION OF CONTRACT.

Where the owner of certain personal property places a person in possession thereof under an agreement that, upon the performance of certain conditions, he would turn over to the latter all such property, the fact that, as a part of the same transaction and contem-

poraneously therewith, the party receiving such property gave a bill of sale thereof to the owner, cannot be construed as changing the effect of the contract so as to pass title from the owner to such person. (DUNBAR, J., dissents.)

*Appeal from Superior Court, King County.*

Complaint in intervention by Fabin S. Potvin in an action brought by John E. McCorvey, wherein certain machinery and other chattels were attached as the property of E. L. Clark. From a judgment sustaining a general demurrer to the intervenor's complaint, appeal is taken.

*Palmer & Easly*, for appellant.

The opinion of the court was delivered by

HOYT, J.—Appellant purchased certain personal property with which he fitted up a yard for the manufacture of brick. After the same was thus fitted up he put one E. L. Clark in possession thereof, and at the same time entered into an agreement with him that upon the performance of certain conditions on his part he, the appellant, would turn over all the machinery and other articles of personal property in said yard to said Clark. At the same time, and as a part of the same transaction, said Clark executed and delivered to said appellant a bill of sale in due form of said property. Said bill of sale was placed upon record in the auditor's office of the county in which the property was situated. Said Clark failed to perform any of the conditions of such contract on his part. While he was in possession thereof such property was attached as the property of said Clark, and the sole question presented by the record in this case and argued by counsel is as to where the title of said property must be held to be, as between said appellant and said attaching creditor. That the contract executed at the time said Clark was placed in possession of the property did not transfer the title thereof to

him seems clear from its terms, and in fact we do not understand that the contrary position is contended for by respondent. The clear intention of the parties to such contract seems to have been not to transfer thereby the property but simply to provide that the said Clark should have the right to use the same, and upon the performance of certain conditions therein named should have the right to demand of the appellant that title thereto be conveyed to him. Did the giving of the bill of sale contemporaneously with the execution of said contract so change its construction and effect as to warrant the contention that title was thereby passed? There is much plausibility in the argument that such was its effect, as it would seem useless for said Clark to attempt to convey to the said appellant the title to the property in question if in fact the title had never passed from the appellant to him. It is the duty of courts, however, to so construe all contracts as to give effect to the evident intention of the parties as expressed therein, and thus construing the contract in question, together with the bill of sale above referred to, all as a single transaction, we think it should be held that the title to said property did not any time pass from appellant. As has already been seen, the contract construed alone clearly shows such to have been the intention, and such being the effect of such contract the parties must be presumed to have so understood it at the time of its execution. At that time then they both knew that the title was still in the appellant, and that for that reason the execution of a bill of sale for the purpose of vesting such title in him was entirely unnecessary. It is more reasonable to suppose that the reason for the execution of the said bill of sale was as alleged in the complaint, to give notice to everyone as to where the title of the property was. This would be entirely consistent with the claim that under the contract title had never passed. For while it is true that under

these circumstances ·the bill of sale would be entirely un-
necessary as between the parties, yet its execution and
recording would tend to inform the public as to the state
of the title, and thus prevent said Clark from making any
improper use of his possession of said property as a basis
of credit.   Giving effect to the evident intention of the
parties, then, the title must be held to have been in the
appellant at the time it was levied upon by the creditor
of said Clark.

But it is said that the action of said appellant in taking
and recording said bill of sale had the effect of misleading
those from whom said Clark should seek credit, and that
appellant was therefore estopped from now asserting title
by virtue of the contract above referred to.   We cannot
give such force to the transaction.   The bill of sale pur-
ported to convey the absolute title to said appellant, and it
is only by asserting its illegality upon some technical rule
as to its execution that it can be deprived of that effect.
By receiving and recording it, appellant asserted that the
title to the property was in him, and it does not now lie in
the mouth of said Clark, or any of his creditors, to assert
that such bill of sale is ineffectual for the purposes for
which it was executed, and at the same time claim that its
execution and acceptance estop the appellant from asserting
a title which he had independent of such execution and
of the rights derived under the bill of sale so executed.   In
our opinion, the complaint stated a cause of action, and
the demurrer thereto should have been overruled.

The judgment must be reversed, and the cause remanded
for further proceedings in accordance with this opinion.

ANDERS, C. J., and STILES and SCOTT, JJ., concur.

DUNBAR, J. (*dissenting.*)—I do not think the two instru-
ments executed can be explained on any other theory than
that it was the understanding of the parties that the title

was in the respondent when they were executed. I think contracts should be construed to mean something, and not to mean nothing. The demurrer, in my judgment, was properly sustained.